UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| LAMONT E WILSON, | § | |
| TDCJ #00759951, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:16-CV-0188 |
| | § | |
| BRAD LIVINGSTON, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Lamont Wilson ("Wilson") is a state inmate who is currently in the custody of the Texas Department of Criminal Justice ("TDCJ") at the Michael Unit in Tennessee Colony, Texas. Wilson brought this action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq*., alleging that TDCJ's grooming practices interfere with his religious liberties to grow a beard without a mustache (Dkt. 1). Pending is Defendants' motion for summary judgment on mootness (Dkt. 20), to which Wilson has filed a response in opposition (Dkt. 21). The Court has carefully considered the motion, response, evidence in the record, and applicable law, and concludes as follows.

**I.    BACKGROUND**

As a Muslim of the Hanafi school of Sunni law, Wilson contends that he is required to wear a fist-length beard without a mustache as a tenet of his religious faith (Dkt. 1 at 2). At the time he filed his Complaint, he was housed at the Ramsey Unit in Rosharon, Texas (*Id*.). Wilson alleges that when he was in the chow line one day,

Captain Smith ordered him to produce his identification card and informed him that he would have to shave the hair on his chin (*Id.*). When Wilson explained that his religion requires that he grow a beard without a mustache, Captain Smith explained that offenders who are authorized to wear religious beards must grow it out and not shave the mustache. Captain Smith also told him that if he did not comply with the grooming policy, he would receive a disciplinary case (*Id.*).

On April 10, 2016, Wilson filed a grievance complaining that he felt Captain Smith had threatened or intimidated him to cut his beard (*Id.*). He received a disciplinary case later that same day (*Id.* at 2-3). On April 15, 2016, Wilson was brought to Lieutenant Lopez's office regarding the disciplinary charge and stated that his Muslim religion requires him to grow a beard and cut his mustache (*Id.*at 3). Wilson was found guilty of the disciplinary infraction and sentenced to 30 days commissary restriction (*Id.*). Wilson filed step one and step two grievances to appeal the decision, but his appeal was denied because he had violated the grooming policy in place at the time (*Id.*).

Wilson filed this lawsuit on July 12, 2016, alleging that TDCJ's religious grooming policy only allowing prisoners to grow beards for religious reasons up to one-half inch, and preventing those who grow beards for religious purposes from shaving the mustache, substantially burdens his Hanafi religious practice and violates RLUIPA. Wilson seeks declaratory and injunctive relief to change the policy to allow him to grow his beard and cut his mustache.

Defendants move for summary judgment based on mootness, because TDCJ promulgated a state-wide policy change regarding religious beards on February 1, 2017,

allowing religious beards of up to four inches, and again on December 1, 2017, allowing inmates to shave their mustaches and neatly trim their beards. Defendants present evidence indicating that the new policy permits offenders with a religious beard to "shave the moustache, neck, and cheek line of their religious beards provided that the religious beard remains neatly trimmed and clean, and that no lines, designs, patterns, or symbols are cut or shaped into the religious beard." (Dkt. 20, Ex. A at 2). Defendants point out that the December 1, 2017 Notice to Offenders portrays a picture of a man with a shaved moustache and fist-length beard as an illustration of the new acceptable grooming practices (*Id.* at 7). Wilson has filed a response, contending that he is still not allowed to shave his mustache and that Defendants are not entitled to the presumption of good faith because the new policy is substantially similar to the old policy it replaced.

## II. STANDARDS OF REVIEW

### A. The PLRA and *Pro Se* Pleadings

Because the plaintiff is an inmate proceeding *in forma pauperis*, the Court is required by the PLRA to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) (providing that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief"). In reviewing the pleadings, the Court is mindful of the fact

that the plaintiff in this case proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard a *pro se* plaintiff must allege more than "labels and conclusions' or a 'formulaic recitation of the elements of a cause of action[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).

    B.    **Summary Judgment — Rule 56**

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If the movant demonstrates the absence of a genuine issue of material fact, the burden shifts to the non-movant to provide "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If the movant meets this initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *See Celotex*, 477 U.S. at 324; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the

nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (citations omitted).

In deciding a summary judgment motion, the reviewing court must "construe all facts and inferences in the light most favorable to the nonmoving party." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (internal citation and quotation marks omitted). However, the non-movant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *Jones v. Lowndes Cnty.*, 678 F.3d 344, 348 (5th Cir. 2012) (quoting *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (a non-movant cannot demonstrate a genuine issue of material fact with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence). Likewise, Rule 56 does not impose upon the Court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment; evidence not referred to in the response to the motion for summary judgment is not properly before the Court, even if it exists in the summary judgment record. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

Although the plaintiff in this case is proceeding *pro se*, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his or her burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992). Even a *pro se* plaintiff must specifically refer to evidence in the summary judgment record in order to place that evidence properly

before the court. *See Outley v. Luke & Assocs., Inc.*, 840 F.3d 212, 217 (5th Cir. 2016) (citing *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) ("Despite our general willingness to construe pro se filings liberally, we still require pro se parties to fundamentally abide by the rules that govern the federal courts . . . . *Pro se* litigants must properly . . . present summary judgment evidence") (quotation marks omitted)).

### III. DISCUSSION

Defendants contend that Wilson's claims are moot because TDCJ has changed its state-wide religious grooming policy to allow prisoners who wear religious beards to shave their mustaches and neatly trim their beards. A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013); *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). When the controversy between litigants "has resolved to the point that they no longer qualify as 'adverse parties with sufficient legal interests to maintain the litigation,' [courts] are without power to entertain the case." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 324 (5th Cir. 2009) (citation omitted).

The Fifth Circuit noted in *Sossamon* that, although voluntary cessation does not ordinarily deprive a federal court of its power to determine the legality of the challenged practice, "courts are justified in treating a voluntary governmental cessation of possibly wrongful conduct with some solicitude." *Id.* at 325. The Fifth Circuit noted:

> Although [*Friends of the Earth v. Laidlaw Environmental Services, Inc.*, 528 U.S. 167, 189 (2000)] establishes that a defendant has a heavy burden to prove that the challenged conduct will not recur once the suit is dismissed as moot, government actors in their sovereign capacity and in the exercise of their official duties are accorded a presumption of good faith

because they are public servants, not self-interested private parties. Without evidence to the contrary, we assume that formally announced changes to official governmental policy are not mere litigation posturing.

*Id.*

Defendants have submitted the Affidavit of TDCJ Region I Director, Tony O'Hare; TDCJ Security Memorandum, SM-06.16 (rev. 2); and TDCJ Notice to Offenders dated December 1, 2017 in support of their summary judgment motion (Dkt. 20-1). Mr. O'Hare testified:

> Offender Lamont Wilson (759951) is currently housed at the Michael Unit and is currently permitted to wear a four-inch religious beard. Absent any unforeseen disciplinary issues or failure to abide by the religious beard specifications outlined in the Offender Orientation Handbook and updated with the Notice to Offenders effective December 1, 2017, it is anticipated that Offender Wilson will continue to be permitted to wear a four-inch religious beard.
>
> As indicated in the Notice to Offenders referenced above, Offender Wilson and other offenders with religious beards are permitted to shave the moustache, neck, and cheek line of their religious beards provided that the religious beard remains neatly trimmed and clean, and that no lines, designs, patterns, or symbols are cut or shaped into the religious beard.

*Id.* at 3. In the Notice to Offenders dated December 1, 2017, TDCJ notified offenders that religious beards (1) shall not be more than fist length and shall not exceed more than four inches outward from the face; (2) shall not have any lines, designs, patterns, symbols cut or shaped; and (3) shall remain neatly trimmed and clean (*Id.* at 8). The Notice includes a picture of a man with a full beard and mustache and a man with a beard and no mustache as examples of permitted beard styles (*Id.*).

Wilson argues that TDCJ's measures to change the policy are "half-hearted" and do not resolve his injuries because he claims that the new policy still does not allow him

to shave his mustache.  As Defendants point out, however, the December 1, 2017 Notice to Offenders specifically pictures two bearded men, one with a mustache and one without a mustache, as examples of permissible beards under the policy.  Wilson complains that the picture is insufficient and that permitting an offender to shave his mustache is not expressly written in the policy.

Although Wilson claims that he is still not allowed to shave his mustache, he does not present any evidence to controvert the policy change and the pictures showing that shaving the mustache is now allowed.  Wilson also does not present evidence to controvert Mr. O'Hare's sworn statement specifically indicating that offenders with religious beards are now allowed to shave their mustaches.  Furthermore, Wilson does not submit any evidence to show that he has been disciplined since December 1, 2017 for growing a beard and shaving his mustache, and, in fact, there is no evidence in the record indicating that Wilson received any disciplinary actions for shaving his mustache since the incident in April of 2016.  In sum, Wilson does not point to competent summary judgment to controvert Defendants' evidence establishing that his claims are moot and does not raise a fact issue on mootness.

"If a claim is moot, it presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *National Rifle Ass'n of America v. McCraw*, 719 F.3d 338, 344 (5th Cir. 2013) (internal quotation marks and citation omitted).  Defendants have changed the grooming policy to allow offenders with religious beards to shave their mustaches, which is the relief Wilson seeks in this lawsuit.  Because Wilson has received the relief he seeks, TDCJ's policy change allowing him to

shave his mustache leaves nothing for this Court to remedy. *See Sossamon*, 560 F.3d at 324. The Court concludes, therefore, that Wilson's complaint is moot and must be dismissed without prejudice for lack of jurisdiction.

## IV. ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. Defendants' Motion for Summary Judgment (Dkt. 20) is **GRANTED**, and this case is **DISMISSED without prejudice as MOOT**.

2. All other pending motions, if any, are **DENIED**.

The Clerk will provide a copy of this order to all parties of record.

SIGNED at Galveston, Texas, this 31st day of May, 2018.

                                                   George C. Hanks Jr.
                                                 United States District Judge